UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KYLE WATTS,

                Plaintiff,

     v.

GOOGLE LLC, *et al.*,

                Defendants.

Case No. C24-1075-MLP

ORDER

       This matter is before the Court on Plaintiff's Motion for Reconsideration (Pl.'s Mot. (dkt. # 21)) and Defendants' Response (Defs.' Resp. (dkt. # 23)). Plaintiff requests reconsideration of the Court's prior ruling (Order (dkt. # 20)) on Plaintiff's Motion to Remand (dkt. # 12) and Defendant's Motion to Dismiss (dkt. # 7). Having considered the parties' submissions, the balance of the record, and the governing law, Plaintiff's Motion (dkt. # 21) is DENIED.

       Motions for reconsideration are disfavored in this district and will be granted only if there is a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Here, Plaintiff has demonstrated neither manifest error nor new information that could not have been previously presented with due diligence.

ORDER - 1

Plaintiff argues that the Court improperly ruled on Defendant's Motion to Dismiss after finding that Defendant Craig Fisher failed to establish federal jurisdiction. (Pl.'s Mot. at 3.) This argument misinterprets the Court's holding. The Court first determined that Defendant Fisher had not established Plaintiff's claims were precluded by state law, leading it to consider whether Plaintiff could possibly recover against Mr. Fisher. After resolving all inferences in Plaintiff's favor, the Court concluded that Plaintiff had not alleged the necessary elements to support claims for wrongful termination against public policy and retaliation. (Order at 7-8.) Consequently, the Court found it had federal jurisdiction at this time but granted Plaintiff leave to amend his Complaint to address the Court's findings.

Plaintiff now asserts that by granting leave to amend, the Court undermined its jurisdictional findings. (Pl.'s Mot. at 2.) The Court determined Plaintiff's allegations could not support viable claims for wrongful termination and retaliation. Nonetheless, the Court granted leave to amend—not because the Court concluded that amendment could cure these deficiencies—but because leave to amend is typically "freely given." *See* Fed. R. Civ. P. 15(a)(2); *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (discussing the "extreme liberality" of this standard). Granting leave to amend was procedural and did not imply that Plaintiff has a viable claim against Mr. Fisher. *See*, *e.g.*, *McKee v. Gen. Motors Co.*, 2023 WL 7318690 (9th Cir. Nov. 7, 2023) (upholding diversity jurisdiction after granting leave to amend); *Jones v. Ford Motor Co.*, 2023 WL 7097365 (9th Cir. Oct. 27, 2023) (same); *Narayan v. Compass Group USA, Inc.*, 284 F. Supp. 3d 1076, 1092 (E.D. Cal. Feb. 6, 2018) (retaining diversity jurisdiction and denying leave to amend, where plaintiff had multiple opportunities to amend and failed to do so).

For the foregoing reasons, the Court finds that Plaintiff has not made either of the showings required by Local Rule 7(h)(1), and accordingly, Plaintiff's Motion (dkt. # 21) is DENIED.

Dated this 31st day of October, 2024.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3